IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
C/A No: 3:12-cv-03020-JFA-PJG

| | |
|---|---|
| David Ray Tant,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>William Frick, Michael Stobbe, David Tatarsky, and John Doe, individually, or alternatively in their capacities as agents of the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Pardon, Probation, and Parole, and the Fairfield County Solicitor's Office, and therefore, the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Pardon, Probation, and Parole, and the Fairfield County Solicitor's Office<br><br>　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **ANSWER OF DEFENDANTS MICHAEL STOBBE, DAVID TATARSKY AND THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS** |

NOW COME Defendants Michael Stobbe, David Tatarsky, individually, and the South Carolina Department of Corrections (hereinafter the "SCDC Defendants"), by and through counsel, and answer the Complaint of Plaintiff David Ray Tant (hereinafter "Plaintiff"), denying all allegations not explicitly answered, as follows:

　　　　1.　　　It is admitted that Plaintiff is a resident of South Carolina.

　　　　2.　　　It is admitted that Individual Defendants Stobbe and Tatarsky are residents of South Carolina. Unless otherwise admitted, the remaining allegations in Paragraph 2 of Plaintiff's Complaint are denied.

1

3. It is admitted that the South Carolina Department of Corrections (hereinafter "SCDC") is an agency of the State of South Carolina. Unless otherwise admitted, the remaining allegations in Paragraph 3 of Plaintiff's Complaint are denied.

4. It is admitted that Individual Defendants Stobbe and Tatarsky are employees of SCDC. Unless otherwise admitted, the remaining allegations in Paragraph 4 of Plaintiff's Complaint are denied.

5. The allegations in Paragraph 5 of Plaintiff's Complaint are denied.

6. The allegations in Paragraph 6 of Plaintiff's Complaint are denied.

7. The allegations in Paragraph 7 of Plaintiff's Complaint are denied.

8. The allegations in Paragraph 8 of Plaintiff's Complaint are denied.

**FACTUAL BACKGROUND**

9. It is admitted that Plaintiff pled guilty to several crimes arising from his illegal activities related to dogfighting and animal abuse, and his dogfighting activities and his use of a trip-wired shotgun that shot and injured another person. It is further admitted that the Honorable Wyatt T. Saunders sentenced Plaintiff to 40 years imprisonment, which could be reduced to 30 years upon Plaintiff's payment of certain restitution. Unless otherwise admitted, the remaining allegations in Paragraph 9 of Plaintiff's Complaint are denied.

10. The SCDC Defendants are without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

11. It is admitted that, following his conviction, Plaintiff was transferred to the custody of SCDC.

12. Upon information and belief, Plaintiff made the restitution required to reduce his total sentence from 40 years to 30 years.

13. It is admitted that SCDC initially but mistakenly interpreted Plaintiff's sentence as a 15-year sentence. Upon re-examination of its initial determination, SCDC corrected its initial determination and interpreted the sentence in accordance with the Court's direction regarding the 40-year sentence.

14. It is admitted that, following his conviction, Plaintiff was transferred to the custody of SCDC.

15. The SCDC Defendants are without sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

16. The SCDC Defendants are without sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

17. The SCDC Defendants are without sufficient information to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

18. The allegations in Paragraph 18 of Plaintiff's Complaint are denied.

19. The allegations in Paragraph 19 of Plaintiff's Complaint are denied.

20. The allegations in Paragraph 20 of Plaintiff's Complaint are denied.

21. The allegations in Paragraph 21 of Plaintiff's Complaint are denied.

22. The allegations in Paragraph 22 of Plaintiff's Complaint are denied.

23. The allegations in Paragraph 23 of Plaintiff's Complaint are denied.

24. The order referenced by Plaintiff in Paragraph 24 of Plaintiff's Complaint speaks for itself. Unless otherwise admitted, the allegations in Paragraph 24 of Plaintiff's Complaint are denied.

25. The allegations in Paragraph 25 of Plaintiff's Complaint are denied.

26. It is admitted that Judge Saunders sent directions to SCDC clarifying his sentencing order. Unless otherwise admitted, the allegations in Paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations in Paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations in Paragraph 28 of Plaintiff's Complaint are denied.

29. The allegations in Paragraph 29 of Plaintiff's Complaint are denied.

30. It is admitted that the Honorable Wyatt T. Saunders sentenced Plaintiff to 40 years imprisonment, which could be reduced to 30 years upon Plaintiff's payment of certain restitution. Unless otherwise admitted, the allegations in Paragraph 30 of Plaintiff's Complaint are denied.

31. It is admitted that SCDC corrected its initial determination and interpreted the sentence in accordance with the Court's direction regarding the 40-year sentence. Unless otherwise admitted, the allegations in Paragraph 31 of Plaintiff's Complaint are denied.

32. It is admitted that SCDC corrected its initial determination and interpreted the sentence in accordance with the Court's direction regarding the 40-year sentence. Unless otherwise admitted, the allegations in Paragraph 32 of Plaintiff's Complaint are denied.

33. It is admitted that Plaintiff was advised of the clarification regarding his sentence. Unless otherwise admitted, the allegations in Paragraph 33 of Plaintiff's Complaint are denied.

34. It is admitted that Plaintiff took advantage of the internal grievance process to object to the clarification of his sentence, and that his grievances were denied. Unless otherwise admitted, the allegations in Paragraph 34 of Plaintiff's Complaint are denied.

35. It is admitted that Plaintiff took advantage of the internal grievance process to object to the clarification of his sentence, and that his grievances were denied. Unless otherwise admitted, the allegations in Paragraph 35 of Plaintiff's Complaint are denied.

36. It is admitted that Plaintiff took advantage of the internal grievance process to object to the clarification of his sentence, and that his grievances were denied. Unless otherwise admitted, the allegations in Paragraph 36 of Plaintiff's Complaint are denied.

37. It is admitted that Plaintiff took advantage of the internal grievance process to object to the clarification of his sentence, and that his grievances were denied. Unless otherwise admitted, the allegations in Paragraph 37 of Plaintiff's Complaint are denied.

38. It is admitted that Plaintiff took advantage of the internal grievance process to object to the clarification of his sentence, and that his grievances were denied. Unless otherwise admitted, the allegations in Paragraph 38 of Plaintiff's Complaint are denied.

39. The allegations in Paragraph 39 of Plaintiff's Complaint are denied.

40. It is admitted that Plaintiff appealed the denial of his grievances to the S.C. Administrative Law Courts (ALC).

41. It is admitted that SCDC defended its decisions regarding Plaintiff's grievances, and that the ALC which affirmed SCDC's decision.  Unless otherwise admitted, the allegations in Paragraph 41 of Plaintiff's Complaint are denied.

42. It is admitted that SCDC defended its decisions regarding Plaintiff's grievances, and that the ALC which affirmed SCDC's decision. Unless otherwise admitted, the allegations in Paragraph 42 of Plaintiff's Complaint are denied.

43. It is admitted that SCDC defended its decisions regarding Plaintiff's grievances, and that the ALC which affirmed SCDC's decision. Unless otherwise admitted, the allegations in Paragraph 43 of Plaintiff's Complaint are denied.

44. It is admitted that Plaintiff appealed the decision of the ALC to the South Carolina Court of Appeals, and that SCDC responded to the appeal. Unless otherwise admitted, the allegations in Paragraph 44 of Plaintiff's Complaint are denied.

45. It is admitted that Plaintiff appealed the decision of the ALC to the South Carolina Court of Appeals, and that SCDC responded to the appeal. It is also admitted that Plaintiff made that restitution required by the Court to reduce his sentence from 40 to 30 years. Unless otherwise admitted, the allegations in Paragraph 45 of Plaintiff's Complaint are denied.

46. It is admitted that Plaintiff became eligible for parole and was, in fact, paroled. Unless otherwise admitted, the allegations in Paragraph 46 of Plaintiff's Complaint are denied.

47. The allegations in Paragraph 47 of Plaintiff's Complaint are denied.

48. It is admitted that Plaintiff became eligible for parole and was, in fact, paroled. Unless otherwise admitted, the allegations in Paragraph 48 of Plaintiff's Complaint are denied.

49. The allegations in Paragraph 49 of Plaintiff's Complaint are denied.

50. It is admitted that the South Carolina Court of Appeals issued a decision reversing the decision of the ALC. Unless otherwise admitted, the allegations in Paragraph 50 of Plaintiff's Complaint are denied.

51. The decision of the South Carolina Court of Appeals speaks for itself. Unless otherwise admitted, the allegations in Paragraph 51 of Plaintiff's Complaint are denied.

52. It is admitted that the SCDC has filed a Petition for Writ of Certiorari with the South Carolina Supreme Court for a review of the decision of the South Carolina Court of Appeals referenced above. Unless otherwise admitted, the allegations in Paragraph 52 of Plaintiff's Complaint are denied.

53. It is admitted that the SCDC has filed a Petition for Writ of Certiorari with the South Carolina Supreme Court for a review of the decision of the South Carolina Court of Appeals referenced above. Unless otherwise admitted, the allegations in Paragraph 53 of Plaintiff's Complaint are denied.

54. The SCDC Defendants have no information concerning the legal fees expended by Plaintiff regarding his convictions related to his abuse of animals, or his use of his use of a trip-wired shotgun that shot and injured another person, or to contest the sentence he received.

55. The allegations in Paragraph 55 of Plaintiff's Complaint are denied.

## FOR A FIRST CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

56. The SCDC Defendants incorporate their responses to the allegations in Paragraphs 1 through 55 of Plaintiff's Complaint as if fully set forth herein.

57. The allegations in Paragraph 57 of Plaintiff's Complaint are denied.

58. The allegations in Paragraph 58 of Plaintiff's Complaint are denied.

59. The allegations in Paragraph 59 of Plaintiff's Complaint are denied.

60. The allegations in Paragraph 60 of Plaintiff's Complaint are denied.

61. The allegations in Paragraph 61 of Plaintiff's Complaint are denied.

## FOR A SECOND CAUSE OF ACTION
### (ABUSE OF PROCESS)

62. The SCDC Defendants incorporate their responses to the allegations in Paragraphs 1 through 61 of Plaintiff's Complaint as if fully set forth herein.

63. It is admitted that Plaintiff took advantage of the internal grievance process to object to the clarification of his sentence, and that his grievances were denied. Unless otherwise admitted, the allegations in Paragraph 63 of Plaintiff's Complaint are denied.

64. The allegations in Paragraph 64 of Plaintiff's Complaint are denied.

65. The allegations in Paragraph 65 of Plaintiff's Complaint are denied.

66. The allegations in Paragraph 66 of Plaintiff's Complaint are denied.

## FOR A THIRD CAUSE OF ACTION
### (CIVIL CONSPIRACY)

67. The SCDC Defendants incorporate their responses to the allegations in Paragraphs 1 through 66 of Plaintiff's Complaint as if fully set forth herein.

68. The allegations in Paragraph 68 of Plaintiff's Complaint are denied.

69. The allegations in Paragraph 69 of Plaintiff's Complaint are denied.

70. The allegations in Paragraph 70 of Plaintiff's Complaint are denied.

## FOR A FOURTH CAUSE OF ACTION
### (NEGLIGENCE AND GROSS NEGLIGENCE)

71. The SCDC Defendants incorporate their responses to the allegations in Paragraphs 1 through 70 of Plaintiff's Complaint as if fully set forth herein.

72. The allegations in Paragraph 72 of Plaintiff's Complaint are denied.

73. The allegations in Paragraph 73 of Plaintiff's Complaint are denied.

## FOR A FIFTH CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1983)

74. The SCDC Defendants incorporate their responses to the allegations in Paragraphs 1 through 73 of Plaintiff's Complaint as if fully set forth herein.

75. The allegations in Paragraph 75 of Plaintiff's Complaint are denied.

76. The allegations in Paragraph 76 of Plaintiff's Complaint are denied.

77. The allegations in Paragraph 77 of Plaintiff's Complaint are denied.

78. The allegations in Paragraph 78 of Plaintiff's Complaint are denied.

79. The allegations in Paragraph 79 of Plaintiff's Complaint are denied.

## FOR A SIXTH CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1985)

80. The SCDC Defendants incorporate their responses to the allegations in Paragraphs 1 through 79 of Plaintiff's Complaint as if fully set forth herein.

81. The allegations in Paragraph 81of Plaintiff's Complaint are denied.

82. The allegations in Paragraph 82 of Plaintiff's Complaint are denied.

NOW THEREFORE, having answered fully answered the allegations set forth in Plaintiff's Complaint, the Defendant in this action sets forth his AFFIRMATIVE DEFENSES:

## FOR A FIRST DEFENSE

1. Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action or any claim upon which relief may be granted against these Defendants under Rule 12(b)(1) or Rule 12(b)(6), FED. R. CIV. P.

**FOR A SECOND DEFENSE**

2. To the extent Plaintiff has alleged a cause of action under 42 U.S.C. § 1983 or § 1985 against state agencies or individuals in their official capacities, the Plaintiff's claim are barred by the Eleventh Amendment to the U.S. Constitution and must be dismissed.

**FOR A THIRD DEFENSE**

3. The Defendants did not violate any clearly established federal, statutory, or constitutional rights, and are entitled to qualified immunity as a complete bar to any federal claims against them in this action as a matter of law.

**FOR A FOURTH DEFENSE**

4. Plaintiff's claims are barred, in whole or in part, under the applicable statute of limitations.

**FOR A FIFTH DEFENSE**

5. The Defendants are not the proximate cause of the Plaintiff's injuries, if any, which the Defendants specifically deny.

**FOR A SIXTH DEFENSE**

6. The Plaintiff has failed to mitigate any damages he has allegedly suffered, and his claims are otherwise barred by the doctrines of waiver, estoppel, and/or unclean hands.

**FOR A SEVENTH DEFENSE**

7. At all times, Defendants acted toward the Plaintiff in good faith, in a reasonable manner, and within the scope of their duties.

**FOR AN EIGHTH DEFENSE**

8. The Plaintiff's claim for civil conspiracy is barred because he can show no "special damages" related solely to the claim for civil conspiracy.

**FOR A NINTH DEFENSE**

9. Plaintiff's claim for civil conspiracy is barred by the doctrine of intracorporate conspiracy and applicable provisos of the State of South Carolina.

**FOR A TENTH DEFENSE**

10. The Plaintiff's claim for civil conspiracy is barred because his allegations relevant to the claim are repetitive of those supporting other claims.

**FOR AN ELEVENTH DEFENSE**

11. The Plaintiff's tort claims are barred, in whole or in part, by the South Carolina Tort Claims Act.

**FOR A TWELFTH DEFENSE**

12. Plaintiff's claim for intentional infliction of emotional distress must fail because he cannot establish the elements of such a claim.

**FOR A THIRTEENTH DEFENSE**

13. Plaintiff's claim for abuse of process must fail because he cannot establish the elements of such a claim.

**FOR A FOURTEENTH DEFENSE**

14. The Defendants hereby give notice of their intent, under the South Carolina Frivolous Civil Proceedings Sanctions Act (the "Act"), S.C. Code Ann. § 15-36-10(D), to pursue remedies against the Plaintiff provided under the Act, including, but not limited to, those remedies referenced under S.C. Code Ann. § 15-36-10(C).

**FOR A FIFTEENTH DEFENSE**

15. That to the extent this action is one seeking to collect punitive damages brought against these Defendants, such an action for punitive damages is barred as a matter of law for a

number of reasons, including but not limited to: the due process clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment to the United States Constitution; an arguable extension of the prohibition of the excessive fines clause of the Eighth Amendment, as applied to the states through the Fourteenth Amendment; an arguable extension of the provisions of the Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment; relevant provisions of the South Carolina Constitution, including, but not limited to, Article I, Section 3; and the S.C. Tort Claims Act as herein plead; all of which are asserted as bars to recovery of punitive damages against these Defendants.

16. That, moreover, as the present case and statutory law standard to measure and confer power to a jury to award punitive damages under South Carolina law has not been formulated to comport with federal or state constitutional rights and guarantees, lacks objective criteria, lacks a meaningful standard, is void for vagueness, and violates constitutional due process and equal protection procedural protection; an award of punitive damages would violate these Defendants' constitutional rights and guarantees.

17. That, further, the Plaintiff has failed as a matter of law to state a claim for which punitive damage relief is available against these Defendants.

WHEREFORE, having fully answered the Complaint herein, Defendants Michael Stobbe, David Tatarsky, individually, and the South Carolina Department of Corrections, request:

1. that the relief sought by Plaintiff be denied in each and every respect;
2. that the claims asserted by Plaintiff be dismissed in their entirety with prejudice; and,

3. that Defendants be awarded their costs and attorneys' fees under applicable case and statutory laws and such other and further relief as this Court may deem just and proper.

Dated this the 22nd day of October, 2012.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

s/Eugene H. Matthews
Eugene H. Matthews FID # 7141
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400
Facsimile (803) 779-0016
Email: gmatthews@RichardsonPlowden.com

**COUNSEL FOR MICHAEL STOBBE, DAVID TATARSKY, AND THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS**