IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David Ray Tant, | ) | C/A No: 3:12-cv-03020-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William Frick, Michael Stobbe, David | ) | |
| Tatarsky, and John Doe, individually, or | ) | |
| alternatively in their capacities as agents of | ) | |
| the South Carolina Department of | ) | **ANSWER OF DEFENDANT SOUTH** |
| Corrections, the South Carolina Office of | ) | **CAROLINA DEPARTMENT OF** |
| the Attorney General, the South Carolina | ) | **PARDON, PROBATION, AND PAROLE** |
| Department of Pardon, Probation, and | ) | |
| Parole,and the Fairfield County Solicitor's | ) | |
| Office,and therefore, the South Carolina | ) | |
| Department of Corrections, the South | ) | |
| Carolina Office of the Attorney General, | ) | |
| the South Carolina Department of Pardon, | ) | |
| Probation, and Parole, and the Fairfield | ) | |
| County Solicitor's Office, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TO:    DESA BALLARD ESQUIRE AND HARVEY M. WATSON, III, ESQUIRE, ATTORNEYS FOR PLAINTIFFS:

Defendant South Carolina Department of Pardon, Probation, and Parole (hereinafter "Defendant"), by and through its undersigned attorneys, not waiving but specifically reserving its right to be heard under all Rule 12 Motions, answering the Complaint herein, would respectfully show unto the Court that:

**FOR A FIRST DEFENSE**

1.    Defendant "South Carolina Department of Pardon, Probation, and Parole" does not exist and is therefore not a proper party to this action and should be dismissed pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure.

**FOR A SECOND DEFENSE**

2.      Defendant is a governmental entity and/or agency of the State of South Carolina as defined by S.C. Code Ann. Section 15-78-30(a) and is subject to suit only pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. Section 15-78-10 *et seq*.

3.      Pursuant to S.C. Code Ann. Section 15-78-120(b), "No award for damages under this Chapter shall include punitive or exemplary damages or interest prior to judgment." Therefore, the Plaintiffs' claims for punitive damages must be dismissed as to this Defendant.

**FOR A THIRD DEFENSE**

4.      The Complaint fails to state facts sufficient to constitute any cause of action or claim upon which relief may be granted against Defendant and should be dismissed under Rule 12(b)(6).

**FOR A FOURTH DEFENSE**

5.      Defendant specifically denies each and every allegation contained within the Complaint not hereinafter either expressly admitted, qualified or explained.

6.      Defendant admits only so much of paragraph 1 of the Complaint as would allege that Plaintiff is a resident of South Carolina.  Defendant lacks information to admit or deny the remaining allegations of paragraph 1 of the Complaint, and therefore denies same and demands strict proof thereof.

7.      Defendant lacks information to admit or deny the allegations of paragraph 2 of the Complaint.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

8.     Defendant admits the allegations of paragraph 3 of the Complaint, except Defendant denies that the "South Carolina Department of Pardon, Probation and Parole" is properly identified.

9.     Defendant lacks information to admit or deny the allegations of paragraph 4 of the Complaint. Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

10.     Defendant denies the allegations of paragraphs 5, 6, 7, and 8 of the Complaint. Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of Defendant.

11.     With regard to paragraph 9 of the Complaint, Defendant admits that Plaintiff pled guilty to a number of crimes arising from his illegal activities related to dogfighting and animal abuse, his dogfighting activities, and his use of a trip-wired shot gun that shot and injured another person, and that the Honorable Wyatt T. Saunders sentenced Plaintiff to 40 years imprisonment, which could be reduced to 30 years upon Plaintiff's repayment of certain restitution. Defendant denies the remaining allegations of paragraph 9 of the Complaint as worded.

12.     Defendant lacks information to admit or deny the allegations of paragraph 10 of the Complaint.

13.     With regard to paragraph 11 of the Complaint, Defendant admits that Plaintiff was transferred to the custody of the South Carolina Department of Corrections ("SCDC") following his conviction.

14.     Defendant admits, upon information and belief, only so much of the allegations of

paragraph 12 of the Complaint as would allege that Plaintiff made the restitution required to reduce his total sentence and denies the remaining allegations of paragraph 12 of the Complaint as worded.

15.     Defendant admits only so much of the allegations of paragraph 13 of the Complaint as would allege that the SCDC initially interpreted Plaintiff's sentence as a 15-year sentence, and that this was initially reflected on the SCDC's website.  Defendant denies the remaining allegations of paragraph 13 of the Complaint as worded, and demands strict proof thereof.

16.     With regard to paragraph 14 of the Complaint, Defendant admits that Plaintiff was transferred to the custody of the SCDC following his conviction, but lacks information to admit or deny the remaining allegations of paragraph 14 of the Complaint.

17.     Defendant denies the allegations of paragraph 15 of the Complaint.  Defendant specifically denies that Plaintiff was eligible for parole on September 4, 2007.

18.     Defendant lacks information to admit or deny the allegations of paragraph 16 of the Complaint, and therefore denies same and demands strict proof thereof.

19.     Defendant denies the allegations of paragraphs 17, 18, 19, and 20 of the Complaint, and demands strict proof thereof.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

20.     Defendant lacks information to admit or deny the allegations of paragraphs 21, 22, 23, and 24 of the Complaint and therefore denies same and demands strict proof thereof.

21.     Defendant denies the allegations of paragraph 25 of the Complaint.  Defendant specifically denies any and all allegations that Defendant Doe is or may be a current or former

employee of this Defendant.

22.     Defendant admits only so much of the allegations of paragraph 26 of the Complaint as would allege that Judge Saunders sent a communication to the South Carolina Department of Corrections clarifying his sentencing order.  Defendant denies the remaining allegations of paragraph 26 of the Complaint.  Defendant specifically denies that Defendant made any attempt to have Plaintiff's sentence changed and specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be an employee of this Defendant.

23.     Defendant denies the allegations of paragraphs 27, 28, and 29 of the Complaint.

24.     Defendant lacks information to admit or deny the allegations of paragraphs 30, 31, and 32 of the Complaint, and therefore denies same and demands strict proof thereof.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

25.     Defendant denies the allegations of paragraph 33 of the Complaint, and demands strict proof thereof.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

26.     Defendant admits only so much of the allegations of paragraphs 34, 35, 36, and 37 of the Complaint as would allege that the plaintiff filed internal grievances with the SCDC relating the calculation of his sentence, and that these grievances were denied.  Defendant denies the remaining allegations of 34, 35, 36, and 37 of the Complaint.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

27.     Defendant denies the allegations of paragraphs 38 and 39 of the Complaint, and demands strict proof thereof.

28.     Defendant admits only so much of the allegations of paragraph 40 of the Complaint as would allege that the plaintiff appealed the denial of his grievances to the South Carolina Administrative Law Court ("ALC").  Defendant denies the remaining allegations of paragraph 40 of the Complaint.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

29.     Defendant admits only so much of the allegations of paragraphs 41 and 42 of the Complaint as would allege that the SCDC defended its decisions regarding Plaintiff's grievances in the Plaintiff's appeal to the ALC.  Defendant denies the remaining allegations of paragraph 41 and 42 of the Complaint.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

30.     Defendant admits only so much of the allegations of paragraph 43 of the Complaint as would allege that, at the conclusion of the proceedings between Plaintiff and the SCDC, the ALC affirmed the decision of the SCDC.  Defendant denies the remaining allegations of paragraph 43 of the Complaint, and demands strict proof thereof.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

31.     Defendant admits only so much of the allegations of paragraph 44 of the Complaint as would allege that the Plaintiff appealed the decision of the ALC to the South Carolina Court of Appeals.  Defendant denies the remaining allegations of paragraph 44 of the

Complaint, and demands strict proof thereof.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

32.    Defendant admits the allegations of paragraph 45 of the Complaint as would allege that, while the Plaintiff's appeal from the ALC was pending before the South Carolina Court of Appeals, the Plaintiff made the restitution required by the Court to reduce his sentence from 40 to 30 years, which also changed his parole eligibility date.  Defendant denies the remaining allegations of paragraph 45 of the Complaint, and demands strict proof thereof.

33.    Defendant admits only so much of the allegations of paragraph 46 of the Complaint as would allege that the Plaintiff became eligible for parole while his appeal from the ALC was pending before the South Carolina Court of Appeals.  Defendant denies the remaining allegations of paragraph 46 of the Complaint, and demands strict proof thereof.

34.    Defendant denies the allegations of paragraph 47 of the Complaint.

35.    Defendant admits only so much of the allegations of paragraph 48 of the Complaint as would allege that Plaintiff was granted parole on or around September 16, 2010, and that he remains on parole at this time.  Defendant denies the remaining allegations of paragraph 48 of the Complaint, and demands strict proof thereof.

36.    Defendant denies the allegations of paragraph 49 of the Complaint.

37.    Defendant admits only so much of the allegations of paragraph 50 of the Complaint as would allege that he South Carolina Court of Appeals issued a decision reversing the decision of the Administrative Law Court.  Defendant denies the remaining allegations of paragraph 50 of the Complaint, and demands strict proof thereof.

38.    Defendant denies the allegations of paragraph 51 of the Complaint.

39.     Defendant admits only so much of the allegations of paragraph 52 of the Complaint as would allege that the South Carolina Department of Corrections has filed a petition for writ of certiorari with the South Carolina Supreme court for a review of the decision of the South Carolina Court of Appeals referenced above.  Defendant denies the remaining allegations of paragraph 52 of the Complaint, and demands strict proof thereof.  Defendant specifically denies any and all allegations to the extent that they may be construed to allege that Defendant Doe is or may be a current or former employee of this Defendant.

40.     Defendant admits the allegations of paragraph 53 of the Complaint.

41.     Defendant denies the allegations of paragraphs 54 and 55 of the Complaint, and demands strict proof thereof.

42.     Paragraph 56 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges its answers to the prior allegations of the Complaint as set forth above.

43.     Defendant denies the allegations of paragraph 57, 58, 59, 60, and 61 of the Complaint and demands strict proof thereof.

44.     Paragraph 62 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges its answers to the prior allegations of the Complaint as set forth above.

45.     Defendant denies the allegations of paragraphs 63, 64, 65, and 66 of the Complaint, and demands strict proof thereof.

46.     Paragraph 67 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges its answers to the prior allegations of the Complaint as set forth above.

47.    Defendant denies the allegations of paragraphs 68, 69, and 70 of the Complaint and demands strict proof thereof.

48.    Paragraph 71 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges its answers to the prior allegations of the Complaint as set forth above.

49    Defendant denies the allegations of paragraphs 72 (including all subparts) and 73 of the Complaint and demands strict proof thereof.

50.    Paragraph 74 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges its answers to the prior allegations of the Complaint as set forth above.

51.    Defendant denies the allegations of paragraphs 75, 76, 77, 78, and 79 of the Complaint and demands strict proof thereof.

52.    Paragraph 80 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges its answers to the prior allegations of the Complaint as set forth above.

53.    Defendant denies the allegations of paragraphs 81 and 82 of the Complaint and demands strict proof thereof.

54.    Defendant denies all remaining allegations of the Complaint, including Plaintiff's prayer for relief, and demands that the case be dismissed.

## **FOR A FIFTH DEFENSE**

55.    The Complaint shows on its face that the alleged causes of action and Federal questions are frivolous and insubstantial.

## FOR A SIXTH DEFENSE

56.     Defendant denies that the matter asserted by the Plaintiff in the Complaint falls within the purview of 42 U.S.C. Section 1983.  The Defendant denies any constitutional right of the Plaintiff has been violated.

## FOR A SEVENTH DEFENSE

57.     The Defendant asserts that the principle of respondeat superior does not apply to actions brought pursuant to 42 U.S.C. Section 1983.

## FOR AN EIGHTH DEFENSE

58.     That at all times relevant hereto, the Defendant was acting through employees, officers, or officials of the State of South Carolina, engaged in the performance of their official duties, and are therefore immune from liability and cannot be sued without an express waiver of sovereign immunity.

## FOR A NINTH DEFENSE

59.     That at all times relevant hereto, the Defendant was acting through officers or officials of the State of South Carolina, engaged in the performance of their official duties and acting as the alter ego of the State of South Carolina, and therefore this action is barred by the Eleventh Amendment to the Constitution of the United States as against the Defendant.

## FOR A TENTH DEFENSE

60.     That at all times relevant hereto, the Defendant and its employees, officers and officials was acting in good faith and within the course and scope of their official duties as officers or officials of the State of South Carolina, and Defendant is therefore immune from suit based upon the allegations alleged in the Complaint.

## FOR AN ELEVENTH DEFENSE

61.    That the Defendant and its employees, officers and officials, at all times relevant hereto, and during the performance or nonperformance of the acts alleged in the Complaint, did not perform any acts or fail to perform any acts in bad faith, in a malicious manner, or with corrupt motives, and the Defendant is therefore immune from suit.

## FOR A TWELFTH DEFENSE

62.    That the Plaintiff has failed to exhaust his readily available administrative or state court remedies.

## FOR A THIRTEENTH DEFENSE

63.    That at all times relevant to the allegations contained in the Complaint, the Defendant and its employees, officers and officials were acting according to and in compliance with specific laws, rules and regulations of the State of South Carolina and its agencies, and is therefore immune from suit and plead such statutory or regulatory authorization as a complete defense and bar to the within cause of action.

## FOR A FOURTEENTH DEFENSE

64.    That at times relevant hereto, the Defendant or Defendant's employees were engaged in the performance of their official duties, and at no time violated any clearly established constitutional rights which were known or should have been known to them; therefore, Defendant is entitled to qualified immunity as a matter of law.

## FOR A FIFTEENTH DEFENSE

65.    That at times relevant hereto, the Defendant was acting through governmental officials performing discretionary functions and actions which could reasonably have been

thought consistent with the rights of the Plaintiff and for which they are alleged to have violated; and thus, the Defendant is entitled to qualified immunity as a matter of law.

## FOR A SIXTEENTH DEFENSE

66.     That, upon information and belief, any damages and injuries as alleged in the Complaint were due to and caused by the negligence, gross negligence, willfulness and wantonness of the Plaintiff in failing to exercise due care, or any care whatsoever for the protection of his own safety.

## FOR A SEVENTEENTH DEFENSE

67.     Defendant denies any negligence whatsoever and alleges that the negligent acts and omissions of the Plaintiff were the sole and proximate cause of the injuries to the Plaintiff, if any.

## FOR AN EIGHTEENTH DEFENSE

68.     Defendant would further show, upon information and belief, and in the alternative, that if Defendant was negligent, which Defendant denies, then the Plaintiff or his agent was likewise negligent and the Plaintiff's negligence, carelessness and recklessness directly and proximately caused the Plaintiff's damages and injuries and that the Plaintiff's negligence, carelessness and recklessness exceed any negligence, carelessness recklessness on the part of Defendant and therefore, Defendant pleads the Plaintiff's greater degree of comparative fault as a complete bar to Plaintiff's recovery against Defendant.

## FOR A NINETEENTH DEFENSE

69.     If the Defendant was negligent in any respect, which is expressly denied, and if the Defendant's conduct operated as any cause of the Plaintiff's injuries or damages, if any, which is also expressly denied, Defendant is entitled to a determination as to the percentage of

the Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to this incident and to a reduction of any amount awarded to the Plaintiff equal to the percentage of the Plaintiff's own negligence, gross negligence, recklessness, willful and wanton conduct.

## FOR A TWENTIETH DEFENSE

70.     The Defendant denies any negligence whatsoever and alleges that the sole negligent acts of a third party or parties were the sole and proximate cause of damages to the Plaintiff, if any, and any one or more of those parties caused the damages to the Plaintiff.

71.     These acts and omissions by the third party or parties were the sole and proximate cause of any damages to the Plaintiff and therefore the action against the Defendant should be dismissed.

## FOR A TWENTY-FIRST DEFENSE

72.     The Defendant alleges that even if it was negligent and reckless in any respect, which is expressly denied, it is not liable to the Plaintiff for the resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton acts of third parties, including those parties whose identities are unknown at the present time, which negligent and reckless acts on their part were not reasonable foreseeable, and intervened and acted as the direct and proximate cause of the damages, if any, sustained by the Plaintiff.

73.     The Defendant asserts that the intervening acts of a third party or parties were the sole and proximate cause of damages to the Plaintiff and the action should be dismissed.

## FOR A TWENTY-SECOND DEFENSE

74.     That at all times relevant hereto, Defendant was acting through employees, officers or officials of the State of South Carolina, engaged in the performance of her official duties, and is therefore immune from liability pursuant to the South Carolina Tort Claims Act,

S.C. Code Ann. §15-78-10 *et seq.*   Further, Defendant affirmatively pleads and asserts all conditions of recovery, exceptions to waiver of immunity, limitations of liability, limitations as to damages, caps as to damages and statutes of limitations as set forth in the South Carolina Tort Claims Act.  Defendant is specifically immune pursuant to S.C. Code Ann. §15-78-60 (1), (2), (3), (4), (5), (6), (13), (17), (20), (21), (23) and (25).

75.    Further, any damages the Plaintiff suffered, which are hereby denied, would be limited by any cap on recovery as set forth at S.C. Code Ann. §15-78-120.

76.    S.C. Code Ann. §15-78-120(b), bars the recovery of punitive damages in actions brought pursuant to the South Carolina Tort Claims Act.  Accordingly, Plaintiff cannot recover punitive damages on any state law claims and all claims for such relief should be dismissed.

77.    Further, Defendant affirmatively pleads and asserts all defenses, conditions of recovery, exceptions to waiver of immunity, limitations on liability, statutes of limitations, limitations as to damages and caps as to damages, as set forth in the South Carolina Tort Claims Act.

### FOR A TWENTY-THIRD DEFENSE

78.    Plaintiff claims for punitive damages are unconstitutional and violate Defendant's constitutional rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

### FOR A TWENTY-FOURTH DEFENSE

79.    Plaintiff has failed to establish the prerequisites for an award of injunctive relief and all claims which may be construed as seeking such relief by Plaintiff should be denied.

## FOR A TWENTY-FIFTH DEFENSE

80.     The Plaintiff's claim for civil conspiracy is barred because he can show no "special damages" related solely to the claim for civil conspiracy.

## FOR A TWENTY-SIXTH DEFENSE

81.     The Plaintiff's claim for civil conspiracy is barred by the doctrine of intracorporate conspiracy and applicable provisos for the State of South Carolina.

## FOR A TWENTY-SEVENTH DEFENSE

82.     The Plaintiff's claim for civil conspiracy is barred because his allegations relevant to the claim are repetitive of those supporting other claims.

## FOR A TWENTY-EIGHTH DEFENSE

83.     The Plaintiff's claim for intentional infliction of emotional distress must fail because he cannot establish the elements for such a claim.

## FOR A TWENTY-NINTH DEFENSE

84.     The Plaintiff's claim for abuse of process must fail because he cannot establish the elements for such a claim.

## FOR A THIRTIETH DEFENSE

85.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOR A THIRTY-FIRST DEFENSE

86.     Plaintiff's claims are barred by the Doctrine of *res judicata* and collateral estoppel.

Wherefore having answered the Complaint, the Defendant demands that the Complaint be dismissed, or in the alternative, demands a jury trial.

s/ Erin Farrell Farthing
Daniel R. Settana, Jr., FED ID # 6065
Erin Farrell Farthing, FED ID # 10123
McKay, Cauthen, Settana & Stubley, P.A.
1303 Blanding Street
P.O. Drawer 7217
Columbia, SC   29202
(803) 256-4645
Attorneys for Defendant South Carolina
Department of Pardon, Probation, and Parole

Columbia, South Carolina
October 24, 2012