IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David Ray Tant, | ) | C/A No: 3:12-cv-03020-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William Frick, Michael Stobbe, David Tatarsky, and John Doe, individually, or alternatively in their capacities as agents of the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Pardon, Probation, and Parole, and the Fairfield County Solicitor's Office, and therefore, the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Pardon, Probation, and Parole, and the Fairfield County Solicitor's Office, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE, AND PARDON SERVICES' ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES** |
| Defendants. | ) ) | |

1. **A short statement of the facts of the case**.

**RESPONSE:** Plaintiff David Ray Tant pled guilty to assault and battery of a high aggravated nature, possession of a dangerous animal, and 41 counts of owning an animal for the purpose of fighting or baiting. The Honorable Wyatt T. Saunders sentenced Plaintiff to a total of 40 years in imprisonment, which could be reduced to 30 years upon Plaintiff's repayment of certain restitution. There was a question whether the Plaintiff's sentences were to all be served consecutive or whether some were to be served concurrent.

The South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS"), relies on other state agencies for information regarding the calculation of prisoner sentences and parole eligibility dates. SCDPPS granted Plaintiff Tant's parole following his first parole

hearing after he became eligible for parole. Defendant SCDPPPS has no involvement in the calculation of any prisoner's sentence, and it granted Plaintiff's parole when he first became eligible for parole.

  **2.**  **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

  **RESPONSE:** a. David Ray Tant- Mr. Tant is the Plaintiff and is expected to testify regarding the facts of this case, his criminal charges, and convictions, his criminal sentence, and his release on parole.

    b. William Frick- Mr. Frick is a Defendant in this case and was a prosecutor in Plaintiff's criminal action and is expected to testify concerning his knowledge of the facts of the case, Plaintiff's criminal charges, convictions, and sentence.

    c. Michael Stobbe- Mr. Stobbe is a Defendant in this case and works for Defendant South Carolina Department of Corrections ("SCDC") and is expected to testify concerning his knowledge of the facts of the case, the Plaintiff's criminal charges, sentencing, incarceration, and release from the SCDC, as well as the policies and procedures of the SCDC concerning sentence calculation.

    d. David Tatarsky- Mr. Tatarsky is a Defendant in this case and is expected to testify concerning his knowledge of the facts of the case, the Plaintiff's criminal charges, sentencing, incarceration, and release from the South Carolina Department of Corrections ("SCDC"), as well as the policies and procedures of the SCDC concerning sentence calculation.

    e. Representative(s) of the South Carolina Department of Probation, Parole and Pardon Services- the Representative(s) of SCDPPPS may be called in response in allegations by the Plaintiff and may have information relevant to this case that becomes known during discovery of this case.

    f. Representative(s) of the South Carolina Department of Corrections- the Representative(s) of SCDC may be called in response in allegations by the Plaintiff and may have information relevant to this case that becomes known during discovery of this case.

    g. Representative(s) of South Carolina Office of the Attorney General- the Representative(s) of South Carolina Office of the Attorney General may be called in response in allegations by the

        Plaintiff and may have information relevant to this case that becomes known during discovery of this case.

h. Representative(s) of Solicitor's Office for the Sixth Judicial Circuit- the Representative(s) of Solicitor's Office for the Sixth Judicial Circuit may be called in response in allegations by the Plaintiff and may have information relevant to this case that becomes known during discovery of this case.

i. Plaintiff has named a Joe Doe Defendant to this action. Additional witnesses may be needed when and if the Joe Doe Defendant is identified.

**3.     The names and subject matters of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE**:  None at this time.

**4.     A summary of the claims or defenses with statutory and/or case citation supporting same.**

**RESPONSE**     The Plaintiff asserts the following causes of action against this Defendant:

1. Intentional infliction of emotional distress;
2. Civil conspiracy;
3. Negligence and gross negligence;

This Defendant asserts the following defenses:

1. Improper party;
2. Failure to state facts sufficient to constitute a cause of action;
3. Failure to state a claim;
4. Motion to Dismiss Punitive Damages;
5. General denial;
6. Federal questions are frivolous and unsubstantial;
7. Causes of action do not fall within the preview of 42 USC 1983;
8. Respondeat superior does not apply to actions brought pursuant to 42 USC 1983;
9. Sovereign immunity;
10. Eleventh Amendment immunity;
11. Good faith;
12. No willful or malicious acts towards Plaintiff;
13. Failure to exhaust available administrative and state court remedies;
14. Statutory regulatory authority;

15. Qualified immunity;
16. Sole negligence, comparative negligence or contributory negligence of Plaintiff;
17. Reduction in percentage of recovery due to Plaintiff's comparative negligence;
18. Sole negligence or intervening negligence of a third party;
19. The South Carolina Torts Claims Act, including all immunities, all conditions of recovery, exceptions to waiver of immunity, limitation of liability, limitations as to damage, damages and caps to damages;
20. Unconstitutionality of punitive damages;
21. Failure to establish the prerequisites for an award of injunctive relief;
22. Civil conspiracy claim is barred because Plaintiff cannot show special damages related solely to such claim;
23. Civil conspiracy claim is barred because Plaintiff's allegations relative to this claim are repetitive of those supporting other claims;
24. Failure to establish the elements for intentional infliction of emotional distress;
25. Failure to establish the elements of abuse of process;
26. Statute of limitations;
27. Res judicata and collateral estoppel.

**5.     Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) exchange of Fed.R.Civ.P. 26(a)(2) expert disclosures; and (b) completion of discovery**.

**RESPONSE**: See the Joint Rule 26(f) Report and Amended Conference of Scheduling Order. The parties have stipulated not to make Rule 26(a)(1) initial disclosures but to respond to these in discovery.

**6.     The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order**.

**RESPONSE:**

1)     Defendant SCDPPPS previously filed a Motion to Dismiss Plaintiff's claims for punitive damages. Plaintiff's counsel has consented to this Motion, and a proposed

Consent Order has been submitted to this Court.

2) Defendant SCDPPS was improperly identified by Plaintiff. Plaintiff has submitted a Consent Motion to amend the caption in this case to reflect the proper identification for Defendant.

3) Defendant SCDC has a petition for writ of certiorari pending before the South Carolina Supreme Court with regard to the underlying claims in this action. Depending on the Supreme Court's decision with regard to that petition, there could be some effect on this case and the scheduling in this case.

**7.     The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

**RESPONSE**:  None at this time.

/s/ Erin Farrell Farthing
Daniel R. Settana, Jr.
Erin Farrell Farthing
McKay, Cauthen, Settana & Stubley, P.A.
1303 Blanding Street (29201)
P.O. Drawer 7217
Columbia, SC   29202
(803) 256-4645
Attorney for Defendant South Carolina Department of Probation, Parole, and Pardon Services

Columbia, South Carolina
November 28, 2012