IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
C/A No.: 3:12-cv-03020-JFA-PJG

David Ray Tant,

Plaintiffs,

v.

William Frick, Michael Stobbe, David Tatarsky, and John Doe, individually, or alternatively in their capacities as agents of the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Pardon, Probation, and Parole, and the Fairfield County Solicitor's Office, and therefore, the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Pardon, Probation, and Parole, and the Fairfield County Solicitor's Office

Defendants.

**ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES OF DEFENDANTS MICHAEL STOBBE, DAVID TATARSKY AND THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS**

NOW COME Defendants Michael Stobbe, David Tatarsky, individually, and the South Carolina Department of Corrections (the "SCDC Defendants"), by and through counsel, and answer the Interrogatories set forth in Local Rule 26.03 of the Federal Rules of Civil Procedure as follows.

**1. A short statement of the facts of the case.**

Answer:

On November 22, 2004, Plaintiff pled guilty to one (1) count of assault and battery of a high and aggravated nature (ABHAN), forty-one (41) counts of animal fighting, and one (1) count of possession with a dangerous animal. Plaintiff received a ten-year sentence for his guilty plea to ABHAN. For six (6) of the forty-one animal fighting convictions, Plaintiff

received 5-year sentences to run consecutively to the ABHAN conviction, for a total sentence of forty (40) years. For two (2) of the six animal fighting convictions that ran consecutively with the ABHAN sentence, the sentencing judge indicated that the sentences would be "null and void upon payment of restitution." By so doing, Plaintiff could reduce his sentence to thirty (30) years. On Plaintiff's remaining convictions, he received suspended sentences.

Initially, SCDC erroneously interpreted Plaintiff's sentence incorrectly by running the 6 animal fighting convictions consecutively with the ABHAN charge, but concurrently with each other, resulting in a 15 year sentence rather than a 40 year sentence.

The sentencing judge clarified his sentence in a letter to SCDC, which stated his intention to sentence Plaintiff to a total 40-year sentence, with the opportunity to reduce his sentence to thirty (30) years upon payment of restitution. Pursuant to the judge's clarification, SCDC correctly interpreted the sentence.

Plaintiff filed an internal grievance over this interpretation, which was ultimately denied. He also appealed the result of the grievance to the Administrative Law Court (ALC), which initially remanded and later upheld SCDC's clarified interpretation of the sentence.

Plaintiff appealed the decision of the ALC to the South Carolina Court of Appeals, which reversed the ALC's decision in October 2011. *Tant v. South Carolina Dept. of Corrections*, 395 S.C. 446, 718 S.E.2d 753 (S.C. App. 2011). SCDC has filed a writ of certiorari with the South Carolina Supreme Court, which is currently pending. After SCDC filed its writ of certiorari, Plaintiff filed this lawsuit.

Plaintiff was granted parole in September 2010 – having spent less than 6 years in prison for his numerous crimes – and is now out of prison.

The SCDC Defendants assert that Plaintiff's allegations have no merit and have filed appropriate affirmative defenses.

**2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

a. Plaintiff.

b. The named individual Defendants. Mr. Tatarsky is the General Counsel for the S.C. Department of Corrections, and some matters within his knowledge may be subject to privilege. These persons will testify regarding plaintiff's claims and the defenses to those claims.

c. Representatives of the Defendants that are Public Entities. These persons will testify regarding plaintiff's claims and the defenses to those claims.

**3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Answer:

None at this time.

**4. A summary of the claims or defenses with statutory and/or case citations supporting the same.**

a. Intentional Infliction of Emotional Distress. *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 356, 650 S.E.2d 68, 70 (2007); *Gattison v. South Carolina State College*, 318 S.C. 148, 151, 456 S.E.2d 414, 416 (S.C. App. 1995); *AJG Holdings LLC v. Dunn*, 392 S.C. 160, 170-171, 708 S.E.2d 218, 224 (S.C. App. 2011).

b. Abuse of Process. *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 351 S.C. 65, 73, 567 S.E.2d 251, 255 (S.C. App. 2002); *D.R. Horton, Inc. v. Wescott Land Co., LLC*, 398 S.C. 528, 730 S.E.2d 340 (S.C. App. 2012).

c. Civil Conspiracy. *Pye v. Estate of Fox*, 369 S.C. 555, 633 S.E.2d 505 (2006); *Vaught v. Waites*, 300 S.C. 201, 387 S.E.2d 91 (S.C. App. 1989); *Alonso v.*

*McAllister Towing of Charleston, Inc*., 2009 WL 129371 (D.S.C. January 20, 2009).

d. Negligence and Gross Negligence. S.C. Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*.; *Rayfield v. South Carolina Dep't of Corrections*, 297 S.C. 95, 105-106, 374 S.E.2d 910, 916 (S.C. App. 1988), *cert. denied,* 298 S.C. 204, 379 S.E.2d 133 (1989); *Wells v. City of Lynchburg*, 331 S.C. 296, 308, 501 S.E.2d 746, 752 (S.C. App. 1998).

e. 42 U.S.C. § 1983: *Keeler v. Pea,* 782 F.Supp. 42 (D.S.C. 1992); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

f. 42 U.S.C. § 1985: *Trerice v. Summons*, 755 F.2d 1081, 1084 (4th Cir. 1985); *Sharpe v. Long*, 842 F.Supp. 197, 201-202 (D.S.C. 1992), *aff'd*, 8 F.3d 820 (4th Cir. 1993).

**5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

**(a) Exchange of Fed.R.Civ.P. 26(a)(2) expert disclosures; and**

**(b) Completion of discovery.**

Answer:

The SCDC Defendants have joined the other parties in requesting an Amended Scheduling Order. The SCDC Defendants do not anticipate making another request, but counsel for the SCDC Defendants may be called to duty with the U.S. Navy while the case is pending and requests permission to inform the Court of such duty and to request appropriate forbearance as necessary.

**6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

Answer:

The SCDC Defendants have joined the other parties in requesting an Amended Scheduling Order. The SCDC Defendants do not anticipate making another request, but counsel

for the SCDC Defendants may be called to duty with the U.S. Navy while the case is pending and requests permission to inform the Court of such duty and to request appropriate forbearance as necessary.

**7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

Answer:

The parties have stipulated that they waive initial disclosures enumerated under Rule 26(a)(1), FED.R.CIV.P.

Dated this the 29th day of November, 2012.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

s/Eugene H. Matthews

Eugene H. Matthews FID # 7141
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400
Facsimile (803) 779-0016
Email: gmatthews@RichardsonPlowden.com

**COUNSEL FOR MICHAEL STOBBE, DAVID TATARSKY, AND THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS**