IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David Ray Tant,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>William Frick, Michael Stobbe, David Tatarsky, and John Doe, individually, or alternatively in their capacities as agents of the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Probation, Parole, and Pardon Services, and the Solicitor's Office for the Sixth Judicial Circuit, and therefore, the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Probation, Parole, and Pardon Services, and the Solicitor's Office for the Sixth Judicial Circuit,<br><br>　　　　　　　　　Defendants. | C/A No.: 3:12-cv-03020-JFA-PJG<br><br><br>**PLAINTIFF'S REPLY TO DEFENDANT SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE AND PARDON SERVICES' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

   Plaintiff David Ray Tant (Tant) submits the following in reply to the Response filed by Defendant South Carolina Department of Probation, Parole and Pardon Services (SCDPPPS) to correct factual inaccuracies in the response, as well as to address the legal argument made therein.

1. Defendant SCDPPPS begins its response by repeating the details of Tant's guilty plea, but repeats irrelevant arguments and facts that have been rejected by South Carolina courts which have actually been tasked with deciding those issues.

2. Despite defense counsel's argument to the contrary, the intention of the sentencing judge, as claimed in the "Relevant Facts and Procedural History" portion of his response and

specifically in footnote 4, is not the subject of this action.

3. Instead, the intent of the judge was the exact legal issue initially before the Administrative Law Court and later the Court of Appeals in a completely separate matter between Tant and the Defendant Department of Corrections.

4. The last determination regarding that intent, and the resulting sentence imposed, clearly states the sentence imposed was 15 years[1], not the 40 claimed in the response.  See Tant v. S. Carolina Dep't of Corr., 395 S.C. 446, 718 S.E.2d 753 (Ct. App. 2011), reh'g denied (Dec. 30, 2011).  The defense may cling to hope because of the pendency of a petition for *certiorari* to the State Supreme Court, but that petition is a discretionary matter for the Supreme Court and not an appeal by right.

5. Defense counsel affirmatively opposed Tant's prior motion to stay the above-captioned matter pending a definitive resolution of that petition for cert and legal findings of the South Carolina Court of Appeals.  It was the Defendants that wished to proceed, so it is the Defendants that must acknowledge the current state of the law in South Carolina as articulated by the Court of Appeals, which definitively establishes the sentence of Tant as 15 years, and deems the use of the letter from the sentencing judge, cited by defense counsel and attached as an exhibit to their response, as improper for consideration.

6. Defendant SCDPPS also claims Tant did not, nor did Tant's counsel, object to any questions during his deposition.  That argument is inaccurate because, as counsel for other defendants at least noted in their response (See Docket Entry #36, top of page 6), counsel for Tant did articulate an objection on the basis of "abuse" during the deposition.

---

[1] The sentence is 15 years after credit for restitution paid, which has been given by order of the circuit court dated June 9, 2009.

7. But moreover, the nature of the basis articulated by Tant in this motion was that the cumulative effect of the actions during and after the deposition created the need for the limitation on the use of the transcript. As such, it was not one particular question to which counsel could object, but a pattern that emerged during the course of the deposition, crystalized near the end when an objection was made, and then confirmed via correspondence after the deposition.

8. As to Defendant SCDPPPS' legal argument, it asserts that Tant "is not seeking to limit discovery in the present case." That is partially incorrect, in that Tant is seeking relief during the discovery phase of this litigation; relief which can be granted under the court's inherent authority and pursuant to the rules governing discovery.

9. But it is also correct in that Tant is not seeking to curtail any legitimate discovery of information with which Defendant may defend the claims against him. Defendant has not articulated any manner in which the prosecution of this action would in any manner be impeded by the order sought, which merely restricts the information shared for legitimate furthering of the claims and defenses in this case.

10. Defense counsel concludes the response with a promise to follow the applicable rules of professional conduct. While that sentiment is certainly welcome, continued and dogged opposition to an order that would further ensure such professional restrictions were not violated, yet allow full defense of the civil matter, undermines the assurances made. And if the order reinforces professional obligations, then it should not be disrupting any actions being taken by defense counsel.

11. Defendant SCDPPS also cites a case for the proposition that a grand jury subpoena would trump a civil protective order. That might be relevant if a third party were seeking

information from the litigants to this case, which are not the circumstances at issue in this matter. There has been no request to limit the ability of third parties to compel production of information, and any such attempted compulsion would be an appropriate time to argue over the merits of such a demand under the case law cited.[2]

12. Instead, Tant is asking for an order preventing the litigants, who are subject to the authority of this court, to be curtailed in their ability to broadcast information for purposes that do not advance the claims and defenses that he parties are supposed to be pursuing in this action.

13. Finally, Tant would object to the inclusion of portions, however small, of the deposition transcript in question as attachments to Defendant SCDPPPS' response, and would add to the requested relief stated in the motion that such exhibits be sealed as well.

Wherefore, for the reasons set forth hereinabove, Plaintiff hereby repeats his request of this Court for a protective order pursuant to Rule 26(c), Fed. R. Civ. P., sealing the deposition and prohibiting all parties and counsel from releasing any information in the deposition, or any copies thereof, to anyone not directly involved in this litigation.

[Signature page follows]

---

[2] It should also be noted that the *per se* rule adopted in the case cited is not a uniform standard around the country, and there exists a split in how circuits deal with this issue. See In re Grand Jury, 286 F.3d 153 (3d Cir. 2002). Arguably the modern trend is a move away from such a *per se* rule in favor of more careful weighing of interest. *Id*. But as stated, that would be a discussion for another day, when a third party may claim a right to obtain information, which is not the current set of circumstances under which this court is asked to rule.

      S/H.M. Watson III
Harvey M. Watson III (Fed. ID # 9271)
Desa Ballard (Fed ID # 1179)

**BALLARD WATSON WEISSENSTEIN**
Post Office Box 6338
West Columbia, South Carolina 29171
Telephone 803.796.9299
Facsimile 803.796.1066
Email: harvey@desaballard.com

ATTORNEYS FOR PLAINTIFF

July 11, 2013