IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David Ray Tant,<br><br>       Plaintiff,<br><br>vs.<br><br>William Frick, Michael Stobbe, David Tatarsky, and John Doe, individually, or alternatively in their capacities as agents of the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Probation, Parole, and Pardon Services, and the Solicitor's Office for the Sixth Judicial Circuit, and therefore, the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Probation, Parole, and Pardon Services, and the Solicitor's Office for the Sixth Judicial Circuit,<br><br>       Defendants. | C/A No.: 3:12-cv-03020-JFA-PJG<br><br>**PLAINTIFF'S REPLY TO DEFENDANT WILLIAM FRICK, SOUTH CAROLINA OFFICE OF THE ATTORNEY GENERAL AND SOLICITOR'S OFFICE FOR THE SIXTH JUDICIAL CIRCUIT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

Plaintiff David Ray Tant (Tant) submits the following in reply to the Response filed by Defendants William Frick, South Carolina Office of the Attorney General, and Solicitor's Office for the Sixth Judicial circuit (collectively Defendant SCAG) to correct factual inaccuracies in the response, as well as to address the legal argument made therein.

1. Defendant includes in its response the details of Tant's guilty plea, but cites arguments and facts that have been rejected by the highest South Carolina court to have actually been tasked with deciding those issues.

2. The intention of the sentencing judge is not the subject of this action. Instead, the intent of the judge was the exact legal issue initially before the Administrative Law Court and

later the Court of Appeals in a completely separate matter between Tant and the Defendant Department of Corrections.

3. The last determination regarding that intent, and the resulting sentence imposed, clearly states the sentence imposed was 15 years[1], not the 40 claimed in the response.  See Tant v. S. Carolina Dep't of Corr., 395 S.C. 446, 718 S.E.2d 753 (Ct. App. 2011), reh'g denied (Dec. 30, 2011).  The defense may cling to hope because of the pendency of a petition for *certiorari* to the State Supreme Court in that matter, but that petition is a discretionary matter for the Supreme Court and not an appeal by right.

4. Defense counsel affirmatively opposed Tant's prior motion to stay the above-captioned matter pending a definitive resolution of that petition for cert and legal findings of the South Carolina Court of Appeals.  It was the Defendants that wished to proceed, so it is the Defendants that must acknowledge the current state of the law in South Carolina as articulated by the Court of Appeals, which definitively establishes the sentence of Tant as 15 years.

5. The position of Defendants is clearly stated in the response on pages 3 – 4:

> Plaintiff's testimony was designed to downplay his actions and conduct that resulted in his criminal convictions in order to lend credence to his contention that Judge Saunders actually intended him to receive only a fifteen year sentence, rather than the forty year sentence that Judge Saunders unequivocably intended.

6. Not surprisingly, Tant disputes the truth of that assertion, a view shared at least in part with the unanimous panel of the South Carolina Court of Appeals that ruled definitively in his favor in rejecting the "unequivocal" intent claimed by counsel for the Defendants.

---

[1] The sentence is 15 years after credit for restitution paid, which has been given by order of the circuit court dated June 9, 2009.

7. But even assuming the truth of the position taken, the fact remains that Defendants can fully articulate and maintain that position, defending against Tant's claims in this case, and even use the deposition testimony of Tant in furtherance thereof, even with the order sought by Tant in place.

8. Tant is not seeking to curtail any legitimate discovery of information with which Defendants may defend the claims against them.  Defendants have not articulated any manner in which the prosecution of this action would in any manner be impeded by the order sought, which merely restricts the information shared for legitimate furthering of the claims and defenses in this case.

9. Defendants admit as much near the end of their response, when they argue on page 6 about the effectiveness the order would have.  If it is so ineffective and meaningless, why oppose it?  Especially when also ineffective or in any manner restrictive on the purposes for which it may still be used?

10. Defendants claim Tant did not object to any questions during his deposition, with the exception of a "relevant objection" by Tant's counsel on the basis of "abuse" near the end of the deposition.

11. The nature of the basis articulated by Tant in this motion was that the cumulative effect of the actions during and after the deposition created the need for the limitation on the use of the transcript.  As such, it was not one particular question to which counsel could object, but a pattern that emerged during the course of the deposition, crystalized near the end when an objection was made, and then confirmed via correspondence after the deposition.

12. Defendants support their actions to date with a citation of authority indicating it is not improper for a trial judge or prosecuting attorney to advise prospective witnesses of the penalties for testifying falsely. In response, the obvious should be pointed out first, that counsel making the statements during the deposition were not acting as a trial judge or prosecutor.

13. Secondly, even assuming "civil defense counsel" could be added to that list, the referenced statement was made during the deposition, and Tant is seeking protections regarding the use of that transcript after the deposition concluded, not some chilling of their ability to state a legal principle.

Wherefore, for the reasons set forth hereinabove, Plaintiff hereby repeats his request of this Court for a protective order pursuant to Rule 26(c), Fed. R. Civ. P., sealing the deposition and prohibiting all parties and counsel from releasing any information in the deposition, or any copies thereof, to anyone not directly involved in this litigation.

    S/H.M. Watson III
Harvey M. Watson III (Fed. ID # 9271)
Desa Ballard (Fed ID # 1179)

**BALLARD WATSON WEISSENSTEIN**
Post Office Box 6338
West Columbia, South Carolina 29171
Telephone 803.796.9299
Facsimile 803.796.1066
Email: harvey@desaballard.com

ATTORNEYS FOR PLAINTIFF

July 11, 2013