IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David Ray Tant, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No.: 3:12-cv-03020-JFA-PJG |
| vs. ) | |
| ) | |
| William Frick, Michael Stobbe, David Tatarsky, and John Doe, individually, or alternatively in their capacities as agents of the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Probation, Parole, and Pardon Services, and the Solicitor's Office for the Sixth Judicial Circuit, and therefore, the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Probation, Parole, and Pardon Services, and the Solicitor's Office for the Sixth Judicial Circuit, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **REPLY TO DEFENDANT'S RETURN TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| Defendants. ) | |

Plaintiff David Ray Tant (Tant) hereby submits the following in reply to the Return of Defendant South Carolina Department of Probation, Parole, and Pardon Services (SC DPPPS) to Plaintiff's motion to compel production of certain documents in the above-referenced matter:

1. Plaintiff sent counsel for Defendant SC DPPPS a written letter, attempting to confer with counsel and obviate the need for a motion to compel. As Defendant admits, it was five full days before filing of a motion, which Plaintiff contends is sufficient time for receipt and at least acknowledgment of receipt, especially with the involvement of two attorneys on behalf of Defendant, as well as non-lawyer staff, all of whom Plaintiff's counsel has otherwise found to be responsive and communicative in the past.

2. Plaintiff was unable to wait any longer prior to filing of the motion given the local rules and its narrow timeliness requirement for such motions to be filed without delay upon a triggering response from the opposing party.

3. But while pointing to Plaintiff's short lead time for consultation of five days (3 business), Defendant nevertheless relies upon a document production less than 24 hours prior to a deposition of a SC DPPPS employee and seeks to penalize Plaintiff for failure to ask detailed questions about that withheld document during the deposition the next day.

4. Contrary to the summation of the deposition testimony as alleged by Defendant's return, the content and nature of information gathered by that SC DPPPS employee, specifically as it related to Mr. Tant, was very much discussed and disclosed at the deposition, all without objection. Certainly not every shred of information believed to be contained in the withheld report was discussed, but substantive information obtained during the performance of the employee's duties were discussed.

5. Defense counsel seems to be objecting to Plaintiff's "failure" to ask more objectionable questions, which only reinforces that Plaintiff is merely seeking information about relevant defenses or claims, which happens to expand into documents being withheld, and is not wildly seeking to demand every document possible without discretion.

6. Defense counsel also references a State statute as being on point to this dispute, a statute which was disclosed by Plaintiff via his inclusion of Defendant's correspondence addressing that statute as the basis for withholding, even if it was not examined in the text of the motion itself. Suffice it to say that Plaintiff believes the statute has a much

narrower breadth and restriction required to balance Plaintiff's right to relevant information versus those who could theoretically be harmed by its disclosure.

7. That is why Plaintiff is informed and believes a confidentiality order is all that is necessary to accomplish the protective charge of SC DPPPS who has the information, while allowing the disclosure of relevant information to Plaintiff.

8. To that end, the Defendant's own response stated "Substantively, Defendant SCDPPPS does not have any particular objection to producing the requested document, as most if not all of the information contained therein is from sources that have already been produced by the parties in this action."

9. As such, it appears this particular production dispute is a tempest in a teapot, as Defendant cannot justify any reason for the statute's application that cannot be safeguarded by a confidentiality order.

10. Accordingly, Plaintiff is willing to withdraw his motion and all requested relief if production pursuant to a confidentiality order can be accomplished.

11. In pursuit of that resolution, Plaintiff's counsel communicated with counsel for Defendant this afternoon about just such a proposed resolution, but given the late nature of Plaintiff's offer, Defense counsel was unable to convey a definitive response on behalf of its client soon enough for inclusion in this reply.[1]

Therefore, for the reasons set forth hereinabove, Plaintiff hereby moves this Court for a order compelling Defendant SCDPPPS to produce for inspection and copying the documents

---

[1] Because of staff turnover for counsel for Plaintiff, the undersigned only just made the referenced proposal this afternoon, and reference to the response received from Defendant's counsel is not intended, nor should be considered, a direct or implied criticism of the speed of Defendant's response to that offer.

described in Plaintiff's motion, but consents to the execution of a confidentiality order attendant to that production for any information or documentation not already disclosed as part of discovery in the above-captioned litigation.

        S/H. W. Watson III
Harvey M. Watson III (Fed. ID # 9271)
Desa Ballard (Fed ID # 1179)

**BALLARD WATSON WEISSENSTEIN**
Post Office Box 6338
West Columbia, South Carolina 29171
Telephone 803.796.9299
Facsimile 803.796.1066
Email: harvey@desaballard.com

ATTORNEYS FOR PLAINTIFF

July 29, 2013