IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David Ray Tant, ) | C/A No: 3:12-cv-03020-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| William Frick and John Doe, individually, ) | |
| or alternatively in their capacities as agents ) | **DEFENDANT SOUTH CAROLINA** |
| of the South Carolina Department of ) | **DEPARTMENT OF PROBATION,** |
| Corrections, the South Carolina Office of ) | **PAROLE, AND PARDON SERVICE'S** |
| the Attorney General, the South Carolina ) | **SUPPLEMENTAL MEMORANDUM IN** |
| Department of Probation, Parole, and ) | **SUPPORT OF ITS MOTION FOR** |
| Pardon Services, and the Solicitor's Office ) | **SUMMARY JUDGMENT** |
| for the Sixth Judicial Circuit, and therefore, ) | |
| the South Carolina Department of ) | |
| Corrections, the South Carolina Office of ) | |
| the Attorney General, the South Carolina ) | |
| Department of Probation, Parole, and ) | |
| Pardon Services, and the Solicitor's Office ) | |
| for the Sixth Judicial Circuit, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**TO: DESA BALLARD, ESQUIRE, AND HARVEY WATSON, ESQUIRE, ATTORNEYS FOR PLAINTIFF:**

Pursuant to Rules 7(b) and 56 of the Federal Rules of Civil Procedure and Rule 7.05 of the Local Civil Rules, Defendant South Carolina Department of Probation, Parole, and Pardon Services, ("SCDPPPS") hereby submits this Supplemental Memorandum in Support of its Motion for Summary Judgment[1] to correct an inadvertent omission from its Memorandum in Support of Summary Judgment filed October 15, 2013 (ECF Docket Entry # 61).

Section V of Defendant SCDPPS' Memorandum addresses the South Carolina Tort Claims Act and the various exceptions to the Legislature's limited waiver of immunity

---
[1] Defendant SCDPPPS' Motion for Summary Judgment is ECF Docket Entry # 60.

contained within this Act. In addition to the analysis within Defendant SCDPPS' Memorandum, the following should have been included within Section V:

1.  Defendant SCDPPS is a governmental agency of the State of South Carolina. (*See* ECF Docket Entry # 61-4: Complaint, ¶ 3). The South Carolina Tort Claims Act generally defines the exclusions and limits of a governmental entity to tort claims. Additionally, it is the "exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty." S.C. Code Ann. § 15-78-200 (2005). The South Carolina Tort Claims Act provides that "[t]he State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, ***subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein***." § 15–78–40 (2005)(*emphasis added*).

2.  **Plaintiff's claim for Intentional Infliction of Emotional Distress (Outrage) is barred by the South Carolina Tort Claims Act and must be dismissed with prejudice**. Specifically, the South Carolina Tort Claims Act excludes the intentional infliction of emotional harm from the definition of "loss" for which a government may be liable under the Tort Claims Act. *See* S.C. Code Ann. § 15-78-30(f) and *Ward v. City of N. Myrtle Beach*, 457 F. Supp. 2d 625, 647 (D.S.C. 2006). Therefore, even if the Plaintiff *could* establish the elements of this cause of action, he cannot recover against this Defendant for any losses attributable to this cause of action.

3.  As set forth within Defendant SCDPPS' Memorandum at page 13, Defendant SCDPPS is immune from Plaintiff's claims by virtue of the exceptions to the waiver

of immunity in § 15-78-60(1), (2), (3), (4), (5), (20), (21), (23) and (25). In addition to the analysis in its Memorandum, Defendant SCDPPS adds as follows:

    a.    Defendant SCDPPS is entitled to the Tort Claims Act's exception from the waiver of immunity for "legislative, judicial, or quasi-judicial action or inaction" as well as "administrative action or inaction of a legislative, judicial, or quasi-judicial nature." **§ 15-78-60(1)** and **(2)**;

    b.    Defendant SCDPPS is entitled to the Tort Claims Act's exception from the waiver of immunity for "execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process." **§ 15-78-60(3)**. As analyzed in its Memorandum, Defendant SCDPPS also is entitled to the Tort Claims Act's exception from the waiver of immunity as set forth at **§ 15-78-60(4)** and **§ 15-78-60(5)**. Defendant SCDPPS simply was implementing its policies in any possible acts alleged against it by the Plaintiff, such as conducting a pre-parole parole investigation for Plaintiff, verifying the Plaintiff's conviction information and parole eligibility, or examining the sentence imposed by Judge Saunders' Order. This is set forth more fully in Defendant SCDPPS' Memorandum.

    c.    Defendant SCDPPS is entitled to the Tort Claims Act's exception from the waiver of immunity for "an act or omission of a person other than an employee including but not limited to the criminal actions of third persons" § **15-78-60(20)**. This includes any act or omission by Judge Saunders or other third person(s).

    d.    Defendant SCDPPS is entitled to the Tort Claims Act's exception from the waiver of immunity for "institution or prosecution of any judicial or administrative proceeding" pursuant to **§ 15-78-60(23)**, which applies to SCDPPS as set forth within its

3

Memorandum and the facts and analysis therein; and,

    e.    Defendant SCDPPS is entitled to the Tort Claims Act's exception from the waiver of immunity for "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner." **§ 15-78-60(25).** As analyzed more fully in Defendant SCDPPS' Memorandum, Defendant SCDPPS, "faced with alternatives, actually weighed competing considerations and made a conscious choice using accepted professional standards." *Sabb v. South Carolina State University*, 350 S.C. 416, 567 S.E.2d 231 (2002).

## CONCLUSION

Defendant SCDPPS respectfully submits this Supplement to its Memorandum in Support of its Motion for Summary Judgment filed at ECF Docket Entry # 61. For the reasons contained herein and also within Defendant's Memorandum in Support of Motion for Summary Judgment, Defendant SCDPPS respectfully requests that its Motion for Summary Judgment (ECF Docket Entry # 60) be granted and Plaintiff's claims be dismissed with prejudice.

                                s/ Daniel R. Settana, Jr.
                                Daniel R. Settana, Jr., FED ID # 6065
                                McKay, Cauthen, Settana & Stubley, P.A.
                                1303 Blanding Street
                                P.O. Drawer 7217
                                Columbia, SC   29202
                                (803) 256-4645
Columbia, South Carolina       *Attorney for Defendant South Carolina*
October 16, 2013                    *Department of Probation, Parole, and Pardon Services*