IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| David Ray Tant,<br><br>            Plaintiff,<br><br>vs.<br><br>William Frick, Michael Stobbe, David Tatarsky, and John Doe, individually, or alternatively in their capacities as agents of the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Pardon, Probation and Parole, and the Fairfield County Solicitor's Office, and therefore, the South Carolina Department of Corrections, the SouthCarolina Office of the Attorney General, the South Carolina Department of Pardon, Probation and Parole, and the Fairfield County Solicitor's Office,<br><br>            Defendants. | C/A No.: 3:12-cv-03020-JFA-PJG<br><br>**PLAINTIFF'S BRIEF REGARDING SUPPLEMENTAL CITATION IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiff David Ray Tant previously submitted an additional citation of authority, Docket Entry #76, which included a copy of <u>Tant v. South Carolina Department of Corrections</u>, Op.No. 27392 (May 28, 2014), a recent State of South Carolina Supreme Court opinion. The cited order affirmed as modified an earlier South Carolina Court of Appeals decision which found that Plaintiff's sentence was fifteen (15) years in duration, and rejected the manner in which the South Carolina Department of Corrections had improperly re-calculated Tant's sentence after he began serving it. At a subsequent status conference, this Court authorized optional additional

1

briefing from the parties as to the nature and effect of the cited authority on the matters pending in the above-referenced matter, specifically the pending motions for summary judgment submitted by the defendants[1].

Defendants (Doc. 78, 79, 80) assert the South Carolina Supreme Court's decision has no bearing on this proceeding, asserting, essentially, the Supreme Court's opinion turns on a technicality and Defendants did nothing wrong in attempting to carry out the trial judge's intent.

It is true that the only parties to the Supreme Court case were Tant and the South Carolina Department of Corrections. However, the cited authority is binding and controlling at present, and should be relied upon as such in this action for several reasons. First, unlike an appeal from a trial court, however, there is no automatic stay or suspended enforcement of the Supreme Court's opinion merely because of the pendency of that request.

Secondly, Plaintiff long ago requested that the above-captioned matter be stayed pending the state court action (see Docket Entry #26, filed in February 2013), but defendants opposed that motion and indicated no hesitation in proceeding, notwithstanding the grant of a petition for certiorari by the State Supreme Court. Now that the matter has actually been decided, not just up for review, Defendants assert the Supreme Court's decision makes no difference.

While only the Department of Corrections was a party to the Supreme Court's decision, the evidence presented on summary judgment as to all Defendants presents numerous material issues of genuine fact, precluding summary judgment. This record reflects the involvement of defendants Frick (acting for one or both of the South Carolina Attorney General or the Fairfield

---

[1] Defendants assert the pendency of a petition for rehearing to the Supreme Court somehow lessens the impact of the Supreme Court's opinion in this proceeding. They overlook what Tant has pointed out since these motions were filed: the South Carolina Court of Appeals already ruled that Tant's sentence is now, and always has been, 15 years, and the Department of Corrections erred in changing Tant's records.

County Solicitor's Office, the Attorney General's office (through Jennifer Evans), the South Carolina Department of Probation, Parole and Pardon (hereafter "PPP"), in the conspiracy which led to the Department of Corrections' violation of Tant's due process rights.

The evidence of record reflects a series of events involving all Defendants which led to the Department of Corrections altering Tant's sentence. Each Defendant asserts, essentially, he or she was simply doing what they were supposed to do, but the Supreme Court's opinion makes clear that the Department of Corrections violated Tant's rights when it altered his sentence. The role the other Defendants played in assisting in making that happen remains for determination by the fact finder in this case. The involvement of the actions by the remaining Defendants must be determined by the fact finder.

The Department of Corrections has accepted responsibility for the acts of the individual employees, therefore the exemptions of liability for actions of its agents which are outside the scope of employment do not apply here. Section 15-68-60(17). The evidence submitted to date suggests a coordinated effort among the Corrections officials with Frick and whatever agency he was working for (or for himself individually), Evans (the Attorney General) and agents or employees at PPP[2] to change Tant's sentence in the public records. At a minimum, sufficient evidence exists from which a fact finder could determine that each of the defendants engaged in grossly negligent behavior in the calamity of events which led to changing Tant's sentence in the Department of Corrections' records.

---

[2] Under separate filing, Tant has dismissed his claim against John Doe, who is believed to have been one or more individuals employed by PPP. During discovery, it was learned that John Doe was one or more employees of PPP (Aplin and/or Summers). PPP has accepted responsibility for the acts of its agents and alleged they were acting within the course and scope of their employment. (Doc. 6, ¶ 58).

It is for a jury to determine whether an intentional violation of an inmate's due process rights constitutes intentional infliction of emotional distress.  Defendants' citation to a definition contained in the Tort Claims Act as an immunity of sorts (S.C.Code Section 15-78-30(f)) is misplaced.  The definition of "loss" set forth in the cited section does not preclude the imposition of liability set forth in Section 15-78-40.  Rather, the term "loss" relates only to the administrative claim provisions of the Tort Claims Act, and does not preclude the recovery of damages (as opposed to "loss") as permitted by the Act.  Section 15-78-80.  Tant's suit is for damages, which is not defined under Section 15-78-30.

Section 15-78-40 recognizes the State's liability for "torts," not simply for "losses."  *Id*.  None of the exemptions set forth in Section 15-78-60 exempt the State from liability for intentional wrongful acts.  Instead, there is an exemption for the State for carrying out the provisions of an order of a court (Section 15-78-60(3)), but not for conspiring to change an order of the court to suit its preference.  Suits for damages (not "losses") for torts committed by employees acting within the course and scope of their employment are permitted.  Section 15-78-100.

Finally, applying Defendants' own arguments regarding the supposed unsettled nature of that cited authority would require that large portions of the defendants' initial responses to the cited authority (docket entries #78, 79, and 80), including all portions that refer to the findings and conclusions contained within the Supreme Court's order, would also have to be ignored as unsettled and unreliable.

Lastly, the Supreme Court's order makes clear that the actions of the Department of Corrections, via its inmate grievance process, were a farce, leaving the claim for abuse of process

alive and well. A jury should decide if the other Defendants assisted in that proceeding (a decision for the fact-finder).

For the reasons set forth in his prior filing (See Docket Entry # 68), and here, Tant again respectfully urges the Court to deny the defendant's motions for summary judgment.

s/ Desa Ballard
Desa Ballard (Fed ID # 1179)
Harvey M. Watson III (Fed ID # 9271)

BALLARD & WATSON
Post Office Box 6338
West Columbia, South Carolina 29171
Telephone 803.796.9299
Facsimile 803.796.1066
desab@desaballard.com
harvey@desaballard.com

June 24, 2014                    Attorneys for Plaintiff