IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David Ray Tant, | ) | C/A No. 3:12-3020-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William Frick, *individually, or alternatively in his capacities as agents of the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Pardon, Probation and Parole, and the Fairfield County Solicitor's Office*; South Carolina Department of Corrections; South Carolina Office of the Attorney General; South Carolina Department of Pardon, Probation and Parole; and the Solicitor's Office for the Sixth Judicial Circuit, | ) ) ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff David Ray Tant ("Tant"), a former state prisoner, filed this action stemming from the alteration of his sentence following a criminal conviction. He raises: (1) a claim against Defendant Frick pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights and a claim alleging a conspiracy to violate his civil rights; (2) a state law claim against Defendant South Carolina Department of Corrections ("SCDC") for intentional infliction of emotional distress that is alternatively pled against Defendants SCDC; South Carolina Office of the Attorney General; South Carolina Department of Pardon, Probation and Parole; and the Solicitor's Office for the Sixth Judicial Circuit;[1] (3) a state law claim against SCDC for abuse of process; and (4) state law claims of civil conspiracy and negligence and gross negligence against all defendants. This matter is before

---

[1] Since the removal of this action from the Richland County Court of Common Pleas, the defendant listed as Fairfield County Solicitor's Office has been correctly identified as the Solicitor's Office for the Sixth Judicial Circuit and the caption of the case amended.

the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on a motion for summary judgment filed by Defendant South Carolina Department of Corrections ("SCDC") (ECF No. 59), a motion for summary judgment filed by Defendant Probation Parole and Pardon Services (ECF Nos. 60, 61, 63), and a motion for summary judgment filed by William Frick, the Solicitor's Office for the Sixth Judicial Circuit, and the South Carolina Office of the Attorney General (ECF No. 62).[2]  Tant filed a response in opposition to all of the motions (ECF No. 68) and the defendants replied (ECF Nos. 71, 72, & 73).  Thereafter, Tant supplemented his response based on additional developments in his pending related state case (ECF No. 76), to which the defendants replied (ECF Nos. 78, 79, & 80.)  Following a hearing, the parties submitted additional supplemental briefing.  (ECF Nos. 84, 88, 89, 90, & 91.)  Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motions should be granted.

## BACKGROUND

In 2004, Tant pled guilty to assault and battery of a high and aggravated nature, possession of a dangerous animal, and numerous counts of animal fighting.  This case was prosecuted by the South Carolina Office of the Attorney General, specifically Jennifer Evans and William Frick. SCDC recorded Tant's sentence as fifteen years' imprisonment, which purportedly provided for parole eligibility in September 2007.  SCDC later determined that the sentencing judge intended to sentence Tant to forty years' imprisonment and changed its records.  Tant alleges that he was informed of this change by SCDC around July 2007.  He administratively challenged the recalculation and ultimately the South Carolina Supreme Court determined that "Tant's sentences run concurrently for a total of fifteen years' imprisonment."  (Tant v. S.C. Dep't. of Corr., Op. No.

---

[2] The parties have previously stipulated to the dismissal of Defendants David Tatarsky, Michael Stobbe, and John Doe.

27392 (S.C. May 28, 2014), ECF No. 76-1.)[3] The state Supreme Court further found that SCDC's alteration of Tant's sentence without affording him notice and an opportunity to be heard constituted a denial of due process.

This action stems from the events surrounding SCDC's alteration of Tant's sentence from fifteen years to forty years.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest

---

[3] Significantly, this opinion was issued after the defendants' motions for summary judgment were ready for adjudication; therefore, the court permitted supplemental briefing.

upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.    Defendants' Motions**

As an initial matter, in responding to the defendants' motions for summary judgment, Tant specifically states that he does not object to the dismissal of his cause of action based on civil conspiracy. Therefore, without objection from Tant, the court finds that the defendants are entitled to summary judgment with regard to any civil conspiracy claim Tant is asserting.

**1.    Federal Claims**

The only federal claim remaining in this matter is a claim pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights against Defendant Frick. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

Defendant Frick presents numerous arguments in support of his contention that he is entitled to summary judgment on this claim. Upon review of the record in this matter and all of the parties' arguments, the court finds that no reasonable juror could find that Frick acted personally in any

alleged deprivation of Tant's constitutional rights. With regard to Frick's involvement in the recalculation or alteration of Tant's sentence, the only evidence of record reveals that Frick separated from the Office of Attorney General in July 2005 and accepted a position as an Assistant Solicitor for the Sixth Judicial Circuit. Sometime thereafter, Frick reviewed Tant's sentence on SCDC's website, which indicated that Frick was sentenced to fifteen years' imprisonment, and Frick "knew [it] to be incorrect." (Frick Dep. 41, ECF No. 62-7 at 9.) On January 18, 2006, Frick called Michael Stobbe at SCDC[4] to inquire about Tant's sentence and Stobbe verified that SCDC calculated the sentence as fifteen years' imprisonment. (Id. at 36:7-12, ECF No. 62-7 at 5; Stobbe Dep. 52-53, ECF No. 62-8 at 7-8; Stobbe Notes, ECF No. 68-8 at 1.) Frick contacted Stobbe again on January 25, 2006 and explained that he would prepare or seek an order from the sentencing judge to clarify that Tant had been sentenced to forty years' imprisonment. (Stobbe Dep. at 55:21-56:13, ECF No. 62-8 at 10-11; see also Frick Dep. 37-38, ECF No. 68-31 at 13-14; Stobbe Notes, ECF No. 68-8 at 1.) Stobbe did not take any action with regard to Tant's recorded sentence at that time. (Stobbe Dep. 58:5-7, ECF No. 62-8 at 13.) Further, Frick testified that, despite his offer, he actually did not take any action following his conversation with Stobbe and did not contact the sentencing judge or his staff. (Frick Dep. 50:11-51:9, ECF No. 62-7 at 18-19; see also id. at 37-38, ECF No. 68-31 at 13-14.) Moreover, there is no evidence that Frick had any further involvement in SCDC's records of Tant's sentence. Specifically, there is no evidence that Frick contacted any other employees at SCDC or any employees with the South Carolina Department of Pardon, Probation and Parole Services.

---

[4] Frick also testified that he spoke with Evans every now and then, but could not say whether he contacted Evans before speaking with Stobbe. Frick stated that when they spoke, they would say, "Hey, that sentence is still incorrect." (Frick Dep. at 41:18-25, ECF No. 62-7 at 9.)

Tant speculates that based on evidence that Evans advised the South Carolina Department of Pardon, Probation and Parole Services in May 2007 that the Office of the Attorney General was working to get an order or letter from the sentencing judge indicating that Tant received a sentence of forty years' imprisonment, Evans's actions "had to come from Frick's earlier contact to [SCDC]." (Pl.'s Resp. Opp'n Summ. J. at 9-10, ECF No. 68 at 9-10.)  However, viewing all the evidence in the light most favorable to Tant, even assuming that Frick was acting under the color of state law after leaving the Attorney General's office, there is no evidence from which a reasonable juror could find that Frick's limited involvement, which resulted in no actual change to Tant's sentence, violated Tant's due process rights under the Fourteenth Amendment.

Further, even if Frick's actions could be found to have violated Tant's constitutional rights, the court agrees that if the actions were taken in his official capacity, then as an arm of the state he is entitled to sovereign immunity and cannot constitute a "person" under § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).  In his individual capacity, the court finds that Frick is entitled to qualified immunity.  Pearson v. Callahan, 555 U.S. 223, 231-32 (2009) (stating that to resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct).  The court has not found, nor have the parties cited, any law suggesting that Frick's conduct in this case violated clearly established statutory or constitutional rights.  See generally Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014) (discussing how to determine whether

a constitutional right is clearly established for purposes of qualified immunity). Accordingly, Frick is entitled to summary judgment on this claim.[5]

### 2. State Law Claims

#### a. Intentional Infliction of Emotional Distress

Tant's claim of intentional infliction of emotional distress is based on SCDC's actions in recording his sentence as forty rather than fifteen years. This claim is pled against Defendant SCDC and alternatively against Defendants SCDC; South Carolina Office of the Attorney General; South Carolina Department of Pardon, Probation and Parole; and the Solicitor's Office for the Sixth Judicial Circuit. As argued by each of these defendants, this claim is barred by the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, et seq. As governmental entities, the extent of their tort liability is defined by the South Carolina Tort Claims Act. Specifically, the Tort Claims Act defines "loss" to exclude "the intentional infliction of emotional harm," see S.C. Code Ann. § 15-78-30(f), and also provides for governmental entities an exemption from liability for loss resulting from employee conduct that constitutes intent to harm, § 15-78-60(17). Accordingly, claims for intentional infliction of emotional distress against these governmental entities are barred under the South Carolina Tort Claims Act.[6] See, e.g., Ward v. City of North Myrtle Beach, 457 F. Supp. 2d 625, 647 (D.S.C. 2006); see also Steinke v. S.C. Dep't of Labor, Licensing & Regulation, 520

---

[5] To the extent that Tant seeks injunctive relief as part of this claim, it is unclear what injunctive relief Tant is seeking from Defendant Frick, as all the other defendants have been dismissed. Moreover, to the extent that he seeks injunctive relief in the form of terminating his parole as his fifteen year sentence is complete, the court observes that since seeking that relief, the South Carolina Supreme Court has ruled on Tant's sentence; therefore this relief appears to be moot.

[6] Alternatively, the court agrees with the argument presented by Defendant South Carolina Department of Pardon, Probation and Parole that this claim is barred by the two-year statute of limitations in South Carolina's Tort Claims Act.

S.E.2d 142, 152 (S.C. 1999) ("Provisions establishing limitations upon and exemptions from liability of a governmental entity must be liberally construed in favor of limiting liability.").

### b. Abuse of Process

Tant also raises a claim of abuse of process against Defendant SCDC. With regard to this claim, Tant essentially testified that SCDC's denial of his grievance to purportedly cover up that it changed his sentence without due process of law and appealing the ruling in his favor to the South Carolina Supreme Court constituted an abuse of process. " 'The essential elements of an abuse of process claim are an ulterior purpose and a willful act in the use of the process not proper in the conduct of the proceeding.' " Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Solutions, 697 S.E.2d 551, 556 (S.C. 2010) (quoting Hainer v. Am. Med. Int'l, Inc., 492 S.E.2d 103, 107 (S.C. 1997)). "The abuse of process tort provides a remedy for one damaged by another's perversion of a legal procedure for a purpose not intended by the procedure." Argoe, 697 S.E.2d at 556 (citing Food Lion, Inc. v. United Food Commercial Workers Int'l Union, 567 S.E.2d 251, 253 (S.C. Ct. App. 2002)). "Some definite act or threat not authorized by the process or aimed at an object not legitimate in the use of the process is required." Hainer, 492 S.E.2d at 107. However, a defendant will not be held liable for an abuse of process where it has "done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Id.

Even if Tant could demonstrate bad intentions or motive in denying his grievances and appealing the ruling of the South Carolina Court of Appeals, these are insufficient to demonstrate abuse of process. As stated by the South Carolina Court of Appeals,

> The essence of the tort of abuse of process centers on events occurring outside the process, and our courts have noted that "[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or club." Swicegood v. Lott, 379 S.C. 346, 353, 665 S.E.2d 211, 214 (Ct. App. 2008) (quoting Huggins v. Winn-Dixie Greenville, Inc., 249 S.C. 206, 209, 153 S.E.2d 693, 694 (1967)). "There is, in other words, a form

of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." Id. (quoting Huggins, 249 S.C. at 209, 153 S.E.2d at 694).

D.R. Horton, Inc. v. Westcott Land Co., LLC, 730 S.E.2d 340, 352 (S.C. Ct. App. 2012). The facts alleged here, taken in the light most favorable to Tant, do not fit within this standard. Therefore, based on the foregoing, the court finds that Tant's claim fails as a matter of law. See Hainer, 492 S.E.2d at 107; D.R. Horton, Inc., 730 S.E.2d at 352.

### c. Negligence and Gross Negligence

Finally, Tant argues that all defendants were negligent and grossly negligent in their actions. With regard to the governmental entity defendants, the South Carolina Tort Claims Act provides that a governmental entity is not liable for a loss resulting from the "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any . . . prisoner [or] inmate . . . of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner." S.C. Code Ann. § 15-78-60(25); see also Steinke, 520 S.E.2d at 152 ("Provisions establishing limitations upon and exemptions from liability of a governmental entity must be liberally construed in favor of limiting liability."). For the following reasons, the governmental entity defendants are entitled to summary judgment on Tant's claims of negligence against them.

"Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." Etheredge v. Richland Sch. Dist. One, 534 S.E.2d 275, 277 (S.C. 2000) (citing Clyburn v. Sumter Cnty. Dist. Seventeen, 451 S.E.2d 885 (S.C. 1994); Richardson v. Hambright, 374 S.E.2d 296 (S.C. 1988)). "Negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care." Clyburn, 451 S.E.2d at 887. "[W]hile gross negligence ordinarily is a mixed question of law and

fact, when the evidence supports but one reasonable inference, the question becomes a matter of law for the court." <u>Etheredge</u>, 534 S.E.2d at 277.

Tant alleges that the defendants were negligent in the following ways:

A. In changing the sentence in response to a request from Stobbe, Tatarsky, Frick, John Doe and/or others, in violation of law;
B. In failing to properly process the inmate grievance procedure in accordance with the procedures prescribed therein[;]
C. In not conceding the wrongful acts of the individual defendants and working with Tant to correct his sentence[;]
D. In requiring Tant to undertake legal proceedings in order to achieve his original sentence;
E. In depriving Tant of due process of law;
F. In depriving Tant of his liberty;
G. In conspiring against Tant for the purpose of covering up the wrongful actions undertaken by the individual defendants[; and]
H. In adopting and ratifying the wrongful actions of the individual defendants.

(Pl.'s Resp. Opp'n Summ. J. at 41, ECF No. 68 at 41) (quoting Compl. ¶ 72, ECF No. 1-1 at 20). Although the South Carolina Supreme Court has recently found that SCDC ultimately denied Tant due process in altering his sentence from fifteen to forty years, the evidence of record indisputably reveals that the entities and Frick took steps that they believed were authorized to ascertain Tant's proper sentence. Accordingly, no reasonable jury could find that the defendants failed to exercise slight care with regard to Tant's sentence.

Similarly, Tant's claim against Frick for negligence fails as a matter of law. "To state a cause of action for negligence, the plaintiff must allege facts which demonstrate: (1) a duty of care owed by the defendant; (2) a breach of that duty by a negligent act or omission; (3) a negligent act or omission resulted in damages to the plaintiff; and (4) that damages proximately resulted from the breach of duty." <u>Savannah Bank, N.A. v. Stalliard</u>, 734 S.E.2d 161, 163-64 (S.C. 2012); <u>see also</u> <u>Chakrabarti v. City of Orangeburg</u>, 743 S.E.2d 109, 112 (S.C. Ct. App. 2013) ("A plaintiff must prove three elements to recover on a claim for negligence: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately

resulting from the breach."). "A crucial element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. An affirmative legal duty may be created by statute, a contractual relationship, status, property interest, or some other special circumstance." Johnson v. Jackson, 735 S.E.2d 664, 668 (S.C. Ct. App. 2012) (internal citations omitted). In this case, Tant cannot demonstrate a legal duty of care owed by Frick to Tant. Even if he could, as explained above, the only evidence of record demonstrates that Frick made two phone calls to Stobbe and spoke to Evans every now and then about Tant's sentence. There is no evidence suggesting that Frick's actions proximately caused the alterations to Tant's sentence. Thus, Frick is entitled to summary judgment on this claim as well.

## RECOMMENDATION

Based on the forgoing, the court finds that all of Tant's claims fail as a matter of law. Although the South Carolina Supreme Court has determined that Tant's due process rights were violated, none of the remaining named defendants in this lawsuit is liable to Tant for the claims alleged in this case. Therefore, the court recommends that the defendants' motions for summary judgment (ECF Nos. 59, 60, & 62) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 28, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).