UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Ray Tant, | ) | C/A No. 3:12-3020-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| William Frick, *individually or alternatively in his capacities as agents of the South Carolina Department of Corrections, the South Carolina Office of the Attorney General, the South Carolina Department of Pardon, Probation, and Parole, and the Fairfield County Solicitor's Office*; South Carolina Department of Corrections; South Carolina Office of the Attorney General; South Carolina Department of Pardon, Probation, and Parole; and the Solicitor's Office for the Sixth Judicial Circuit. | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

The *pro se* plaintiff, David Ray Tant, is a former state prisoner. His claims arise out of the alteration of his sentence following his state criminal court conviction. The plaintiff filed this action in state court and the defendants removed it to this court on the basis that plaintiff was asserting a federal constitutional claim under 42 U.S.C. § 1983 along with various state law claims. After pretrial proceedings, there remains for resolution in this case one federal claim pursuant to 42 U.S.C. § 1983, and various related state law claims.

1

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the defendants' motion for summary judgment should be granted in all respects. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. For the reasons which follow, the court will adopt the Report and Recommendation in part. The court will grant the defendants' motion for summary judgment as to the federal claim and remand all pending state claims back to the state court for disposition.

This court will address the federal claim that is properly before it. The court believes that the better course of action, however, with regard to the state law claims, is to remand them to state court because it is the state court's judicial procedures and activities that precipitated this lawsuit. Accordingly, that court is the appropriate forum to address the state law claims.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on July 29, 2014. The plaintiff filed objections to the Report and the defendants replied thereto.

Briefly by way of background, in 2004, Tant pled guilty to assault and battery of a high and aggravated nature, possession of a dangerous animal, and numerous counts of

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

animal fighting. The case was prosecuted by the S.C. Attorney General's office, represented by Jennifer Evans and William Frick. After Tant's plea, the South Carolina Department of Corrections ("SCDC") recorded his sentence as 15 years, which would have allowed him to be eligible for parole in September 2007. In approximately July 2007, Tant was informed by the SCDC that upon further examination of the sentencing judge's records, Tant was supposed to have been sentenced to 40 years imprisonment. Accordingly, the SCDC changed its records. Tant administratively challenged this recalculation, and during the course of the next seven years, the case wound its way to the South Carolina Supreme Court. In May 2014, the SC Supreme Court sided with Tant and determined that his sentence should have been 15 years concurrent on all counts. Although it is not clear from the record, it appears that Tant was thus incarcerated for up to seven years longer than he should have been.

Tant's claims include (1) a claim against defendant Frick pursuant to § 1983 alleging a violation of his constitutional rights, and a claim alleging a conspiracy to violate his civil rights; (2) a state law claim against SCDC for intentional infliction of emotional distress, that is alternatively pled against defendants SCDC, the SC Attorney General's office, the SC Department of PPP, and the Solicitor's Office for the Sixth Judicial Circuit; (3) a state law claim against SCDC for abuse of process; and (4) state law claims for civil conspiracy and negligence and gross negligence against all defendants.

Turning to the § 1983 claims against Frick, the Magistrate Judge first observes the well-honored rule that in a § 1983 action, a plaintiff must affirmatively show that a defendant

3

acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). After clearly canvassing the record in regard to the claim against Frick, the Magistrate Judge concludes that "no reasonable juror could find that Frick acted personally in any alleged deprivation of Tant's constitutional rights." R&R at 5.

Specifically, the record reveals that Frick left the SC Attorney General's Office in July 2005 and began working as an Assistant Solicitor for the Sixth Judicial Circuit. Sometime after he left the Attorney General's Office, Frick reviewed Tant's sentence on the SCDC website and upon learning that the records indicated that the sentence was for 15 years, Frick called Michael Strobbe at SCDC to inquire into the matter. Upon learning that SCDC calculated the sentence at 15 years, Frick told Strobbe that he would prepare or seek an order from the sentencing judge to clarify that Tant had been sentenced to 40 years imprisonment. In actuality, Frick did not take any action following his conversation with Strobbe and did not contact the sentencing judge or his staff. Moreover, Strobbe indicated in his deposition that he did not take any action with regard to Tant's recorded sentence at the time that Frick called him. In other words, apart from the inquiry from Frick to Strobbe, Frick had no involvement in the SCDC's records of Tant's sentence.

On this record, the Magistrate Judge concludes that the plaintiff's claim must be dismissed on summary judgment because of the lack of evidence of Frick's involvement. Alternatively, the Magistrate Judge suggests that to the extent Frick is sued in his official capacity, he enjoys Eleventh Amendment immunity and that, in any event, the constitutional

claims against Frick must be dismissed because Frick is protected by qualified immunity. The fact that Frick's limited involvement which resulted in no actual change to Tant's sentence, is central to the Magistrate Judge's determination in this case.

In his objection memorandum, the plaintiff points out that the *Vinnedge* was a case involving the potential application of the respondeat superior doctrine in § 1983 cases. *Vinnedge* held that the doctrine may not be used in such cases.

Although the plaintiff is correct that *Vinnedge* is not directly on point, nevertheless, it is well-established that in order to have an actionable claim against a defendant under § 1983, the defendant must have personally done something that deprived the plaintiff of his or her constitutional rights. Here, the court agrees with the Magistrate Judge that the simply inquiry made by Frick, is not sufficient to trigger § 1983 liability. Although Frick indicated that he intended to look into the matter further, the record is devoid of any evidence that he did so, and his deposition affirmatively indicates that he did not.

Secondly, as noted by the Magistrate Judge, even if the plaintiff has adduced enough evidence to get past summary judgment on the question of whether a constitutional right was violated, the court nevertheless concludes that Frick is protected by the doctrine of qualified immunity, because the contours of the right at issue here were not clearly established at the time of the alleged violation. For this reason, the court must overrule the objections to the Report and Recommendation insofar as the federal claim is concerned.

The court has conducted a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto. That having been said, the court is constrained to remand the remaining state law claims to the state court from which this case was removed. The Report is adopted in part and rejected in part. The court accepts the recommendation that the federal claim should be dismissed on summary judgment. As to the state law claims asserted in this action, such claims are hereby remanded to the Court of Common Pleas for Richland County, South Carolina.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 8, 2014
Columbia, South Carolina

6